**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **DANIELLE B. TONNIES,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
|     vs. ) | Case No. 4:09CV414SNLJ |
| ) | |
| **SOUTHLAND IMPORTS, INC.,** ) | |
| ) | |
|     **Defendant.** ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the plaintiff's second motion to remand (#16), filed August 14, 2009. Responsive pleadings have been filed.

Plaintiff filed this lawsuit in the Circuit Court of the County of St. Louis, Missouri on or about December 8, 2008 alleging that defendant is in the business of selling and/or leasing automobiles or other property; that as part of this business defendant "prepares and processes purchase agreements, invoices, retail installment contracts, title work, financing documents and other instruments and/or documents of legal significance that affect or relate to secular rights and titled to property"; that defendant charges customers a fee for the preparation and processing of these documents; that defendant refers to this fee as a "processing fee, consumer services fee and/or document preparation fee and/or charge"[1]; and that by doing so defendant engaged in the unauthorized practice of law pursuant to §484.010 *et. seq.* R.S.Mo., violated the Missouri Merchandising Practices Act (MMPA), §407.010 *et. seq.* R.S.Mo., and was unjustly enriched and negligent. Plaintiff seeks to represent an unnamed class of "persons and other entities who were

---

[1]This fee is generally referred to throughout the Complaint as a "Document Preparation Fee".

charged documentation preparation and/or processing fees by Defendant in connection with the purchase and/or lease of a motor vehicle or other property from Defendant." Plaintiff seeks statutory treble damages under §484.010 R.S.Mo.; as well as actual and punitive damages, interest, and attorneys' fees with respect to all claims. Additionally, plaintiff seeks declaratory and injunctive relief prohibiting defendant from continuing to charge the Document Preparation Fee.

Defendant removed this case to federal court on March 13, 2009, alleging that this Court has jurisdiction pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. §1332(d)(1)-(2). Plaintiff alleged that this matter should be remanded to state court pursuant to the provisions of CAFA which provide the Court with discretion to decline to exercise jurisdiction

The CAFA, 28 U.S.C §1332(d) provides, in relevant part, as follows:

> "(2) The district courts shall have original jurisdiction of any civil action in which the matter in *controversy exceeds the sum or value of $5,000,000, exclusive of interest*, and is a class action in which -
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> © any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." (emphasis added).

The CAFA, §1332(d) provides, in relevant part, for a "home state exception" to federal jurisdiction, as follows:

> "(3) A district court may, in the interests of justice and looking at the totality of circumstances, *decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed*

*plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed* based on consideration of -

(A) whether the claims asserted involve matters of national or interstate interest;

(B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
© whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

(D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

(E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

(F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

(4) A district court shall decline to exercise jurisdiction under paragraph (2) -

(A)(I) over a class action in which -

(I) *greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed*;

(II) at least 1 defendant is a defendant -

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

>       (III) principal injuries resulting from the alleged conduct or any related
>       conduct of each defendant were incurred in the State in which the
>       action was originally filed; and
>
>       (ii) during the 3-year period preceding the filing of that class action,
>       no other class action has been filed asserting the same or similar
>       factual allegations against any of the defendants on behalf of the
>       same or other persons; or
>
>   (B) two-thirds or more of the members of all proposed plaintiff
>   classes in the aggregate, and the primary defendants, are citizens
>   of the State in which the action was originally filed." (emphasis added).

Upon determining whether remand is appropriate, a federal court should resolve all doubts in favor of remand. Wilkinson v. Shackelford, 478 F.3d. 957, 963 (8th Cir. 2007). A defendant who removes a matter from state to federal court has the burden of establishing, by a preponderance of evidence, that the requisite amount in controversy for federal jurisdiction exists. Bell v. Hershey, 557 F.3d. 953, 956 (8th Cir. 2009) *citing* In re Minn. Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d. 830, 834 (8th Cir. 2003); James Neff Kramper Family Farm Partnership v. IBP, Inc., 393 F.3d. 828, 831 (8th Cir. 2005). In particular, in regard to CAFA, the Seventh Circuit has held that, upon a motion to remand, a removing defendant has the burden to show federal jurisdiction. Brill v. Countrywide Home Loans, Inc., 427 F.3d. 446 (7th Cir. 2005). In the matter before this Court, the parties have agreed that the amount in controversy requirement of CAFA is not in dispute, and has been met.

As regards the home state exception to federal jurisdiction, upon analyzing whether a matter should be remanded to state court pursuant to 28 U.S.C. §1332(d)(4), a court must consider the factors set forth in that subsection. Hart v. FedEx Ground Package System, Inc., 457 F.3d. 675, 681 (7th Cir. 2006); Hirschback v. NVE Bank, 496 F.Supp.2d. 451, 461 (D.N.J. 2007). On the other hand, the factors listed in §1332(d)(3) for application of the "home state exception" are "permissive". Hart, at 681.

Where a matter has been removed pursuant to CAFA, a plaintiff seeking remand generally bears the burden of showing that the home state exception applies. *See*, Frazier v. Pioneer Americas, L.L.C., 455 F.3d. 542 (5th Cir. 2006); Hart, at 675; Serrano v. 180 Connect, Inc., 478 F.3d. 1018 (9th Cir. 2007); Evans v. Walter Indus., Inc., 449 F.3d. 1159, 1164 (11th Cir. 2006).[2] This Court denied the plaintiff's first motion to remand, finding that plaintiff had not met her burden to provide the Court with sufficient information to determine whether, at the time plaintiff filed this cause of action, it is likely that at least two-thirds of the proposed class were citizens of Missouri or even whether more than one-third of the proposed class were Missouri citizens. *See*, CAFA, 28 U.S.C. §1332(d)(3)-(4). Further, the Court allowed limited discovery for the purpose of plaintiff's obtaining information relevant to a determination of the percentage of class members who were citizens of Missouri at the relevant date.

In the pending second motion to remand (#16), after conducting limited discovery, the plaintiff again contends that this matter should be remanded pursuant to the home state exception of CAFA, 28 U.S.C. §1332(d).

---

[2]The Court notes that the Eighth Circuit Court of Appeals has not yet had the opportunity to fully analyze the requirements of the home state exception under the CAFA; especially, which party bears the burden of proof on the existence of federal jurisdiction; i.e. the removing party or the party seeking remand. However, several district courts within the Circuit have followed the analysis of other circuits in requiring the plaintiffs to establish the home state exception. *See*, Webb v. Riceland Foods, Inc., 2008 WL 4820565 (E.D.Ark. 2008) *rev'd on other gds*, 2008 WL 4960464 (E.D.Ark. 2008); Larsen v. Pioneer Hi-Bred International, Inc., 2007 WL 3341698 (S.D.Iowa 2007); Summerhill v. Terminex, Inc., 2008 WL 4809448 (E.D.Ark. 2008). Furthermore, two (2) of the Eastern District of Missouri, Eastern Division courts have recently addressed the same issue before this Court and have concluded that the plaintiff had the burden of proving the citizenship of the requisite number of its proposed class in order to establish the home state exception, and allowed for limited jurisdictional discovery by the plaintiff on this issue. *See*, Clover v. Sunset Auto Company, 2009 WL 1490489 (E.D.Mo. May 27, 2009); Redd v. Suntrup Hyundai, Inc., 2009 WL 1161622 (E.D.Mo. April 29, 2009).

Defendant previously acknowledged that it charged the Document Preparation Fee in an amount which varied between $149.00 and $199.00 in connection with its sale and lease of vehicles to customers between December 8, 2003 and December 8, 2008, the date on which the plaintiff filed this lawsuit originally in state court. Also during this time period, defendant admitted that it sold or leased approximately 12,622 vehicles, charging the afore-referenced fee in the approximate cumulative amount of $2,158,278.00.[3]

In support of her second motion to remand, plaintiff has submitted the affidavit of Donald J. Suntrup, Jr., President of defendant Southland Imports, which affidavit states that defendant's records reflect that the last known address for 84% of defendant's customers who are potential class members[4] is Missouri.

As stated before, when a matter has been removed pursuant to CAFA, a plaintiff seeking remand generally bears the burden of showing that the home state exception of that statute applies. *See*, Serrano v. 180 Connect, Inc., 478 F.3d. 1018 (9th Cir. 2007); Hart v. FedEx Ground Package System, 457 F.3d. 675 (7th Cir. 2006); Frazier v. Pioneer Americas L.L.C., 455 F.3d. 542 (5th Cir. 2006); Evans v. Walter Indus., Inc., 449 F.3d. 1159, 1164 (11th Cir. 2006). Defendant contends that residency differs from citizenship and that, therefore, as plaintiff has only established residency of potential class members, plaintiff has not met her burden to establish citizenship of class members at the time this lawsuit was filed. Indeed, residency and citizenship differ. *See*, Houston v. Astle, 435 F.2d. 847 (3rd. Cir. 1970). Nonetheless, courts generally

---

[3]Affidavit of Donald J. Suntrup, Jr., Exhibit 1 to Defendant's Opposition to Plaintiff's Motion to Remand (#10), filed April 13, 2009.

[4]Potential class members are defendant's customers for the five (5) years preceding the date this lawsuit was filed who were charged a "consumer services fees, and/or customer preparation fees, and/or processing fees" by defendant.

presume that the State of residency is the State of citizenship. *See*, State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d. 514, 520 (10th Cir. 1994)("Residence alone is not the equivalent of citizenship, but the place of residence is *prima facie* the domicile."); Fort Knox Transit v. Humphrey, 151 F.2d. 602 (6th Cir. 1945)("[Up]on the whole record and in the absence of any challenge to the jurisdiction, the plaintiff's residence in Ohio is *prima facie* evidence of his citizenship in that state.").

In support of its position that plaintiff has not met her burden to establish citizenship of potential class members at the time this lawsuit was filed, defendant has cited Preston v. Tenet Healthsystem Memorial Medical Center, Inc., 485 F.3d. 793, 800 (5th Cir. 2007). Two (2) other courts in this district, faced with similar lawsuits brought against this defendant[5], addressed this same argument in light of defendant's case of Preston v. Tenet Healthsystem Memorial Medical Center, Inc., and rejected both the argument and the applicability of this cited caselaw. This Court has reviewed it fellow courts' analysis and concurs wholeheartedly. The Preston case presented an unique set of circumstances due to the evacuation of Louisiana (Hurricane Katrina) making residency an issue; however, such "circumstances" do not exist in the instant case. There has not been an evacuation of the City of St. Louis, St. Louis County, or the majority of the citizens of the State of Missouri within the last five (5) years which would question whether the potential class members are citizens of their State of residency (Missouri).[6]

In furtherance of its argument that the potential class members are the citizens of their State of residency (Missouri), plaintiff has submitted Exhibit 3 - **U.S Census Report: Domestic**

---

[5]Timothy Clover v. Sunset Auto Co., Case No. 4:09cv58HEA; and Randall Redd v. Suntrup Hyundai, Inc., Case No. 4:09cv411MLM.

[6]For similar reasons, the Court also rejects the applicability of the defendant's other cited case: Leathermon v. Grandview, 2009 WL 301923 (S.D.Ind. January 22, 2009).

7

**Migration Across Regions, Divisions and State: 1995-2000.** The Court takes judicial notice of this document as representing the official statistics of migration, including outmigration, in Missouri. In Missouri, in the last five (5) year period in which the rate of outmigration[7] was measured, only 83.6 people out of every 1000 people moved out of Missouri in a five year span. This outmigration rate is approximately 8.3%. This low outmigration rate, when applied to the 84% of the purported class members being Missouri residents when they purchased their vehicles from the defendant, supports the plaintiff's contention that not only are the vast majority of Missouri residents are also citizens of Missouri, but that the potential class members are not only residents of Missouri but also citizens of Missouri. *See*, Plaintiff's Reply (#19), pgs. 6-8.

The Court finds that plaintiff has met her burden of submitting evidence regarding the citizenship of the proposed plaintiff class at the time this lawsuit was filed as plaintiff has established that 84% of the potential class members were Missouri citizens at the time this lawsuit was filed. Defendant has not submitted evidence to rebut this presumption. Thus, the Court finds that two-thirds (2/3) or more of the members of the proposed class, in the aggregate, were citizens of the State of Missouri at the time this lawsuit was filed. Therefore, pursuant to the mandatory provisions of CAFA, 28 U.S.C. §1332(d)(4)(B), the Court finds that this matter should be remanded to state court.

*Assuming arguendo*, that less than two-thirds (2/3) but more than one-third (1/3) of potential class members were Missouri residents at the time this lawsuit was filed, the Court finds that the permissive considerations of §1332(d)(3) for declining to exercise federal jurisdiction are applicable. Firstly, the claims asserted by the plaintiff do not involve matters of national or

---

[7]"Outmigration" is a measure of the number of people who leave a state in a given period of time.

interstate interest. Indeed, the regulation(s) and definition of the practice of law is a matter of state concern.[8] *See*, §1332(d)(3)(A). Secondly, plaintiff's claims are governed by Missouri law. In fact, Counts I and II are governed by specific Missouri statutes, §§484.010 and 407.010 R.S.Mo. *See*, §1332(d)(3)(B). Thirdly, plaintiff has not pled her cause of action in a manner specifically designed to avoid federal jurisdiction. *See*, §1332(d)(3)©. Fourthly, Missouri has a distinct nexus with the potential class members. *See*, §1332(d)(3)(D). Finally, **the number of citizens of Missouri who are potential class members is substantially larger than the number of citizens from any other State.** *See,* §1332(d)(3)(E). As such, even assuming in the alternative, that less than two-thirds (2/3) but more than one-third (1/3), of the potential class members were citizens of Missouri at the time this lawsuit was filed, pursuant to the permissive considerations specified in CAFA, 28 U.S.C. §1332(d)(3)(A)-(E), the Court finds that this matter should be remanded to state court.[9]

---

[8]*See*, Strong v. Gilster Mary Lee Corp., 23 S.W.3d. 234, 238-39 (Mo.App. 2000) holding:
"The [Missouri] Supreme Court is the final arbiter in determining what constitutes the practice of law. Reed v. Labor and Industrial Relations Commission, 789 S.W.2d. 19, 20 (Mo. 1990). As such, it has the inherent power not only to define and declare what is the practice of law, but to regulate the Bar and establish rules `to prevent the practice of law by laymen or other unauthorized persons.' Hoffmeister v. Tod, 349 S.W.2d. 5, 11 (Mo. 1961). In this regard the Legislature may aid the Supreme Court by providing penalties for the unauthorized practice of law, and for that purpose may statutorily define the practice of law so long as the statutory definitions do not conflict with the Supreme Court's rulings."
*See also*, DePass v. B. Harris Wool Co., 144 S.W.2d. 146, 148 (Mo. 1940)("[T]he right to define the practice of law and to regulate persons engaging in such practice falls within the police power of the state . . . except in so far as that right does not run contra to an Act `made in pursuance' to the Federal constitution.").

[9]The Court notes that CAFA places parties in a position where they must choose between the permissive and mandatory provisions of that statute, as Subsections (3) and (4) are mutually exclusive. In cases, such as the matter under consideration, where there is a fine line between whether more or less than two-thirds (2/3) of the potential class members were citizens of the home state at the time the lawsuit was filed, a court must consider the intent of the statute, as

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's second motion to remand (#16) be and is **GRANTED**.

**IT IS FURTHER ORDERED** that the **STAY** ordered in this matter on June 25, 2009 be and is **LIFTED**.

**IT IS FURTHER ORDERED** that all other pending motions in this matter be and are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that this cause of action, in its entirety, is hereby **REMANDED** to the Circuit Court of St. Louis County.

Dated this  29th  day of September, 2009.

_____
UNITED STATES DISTRICT JUDGE

---

evidenced by its provisions in their entirety.